UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADIJA GHAFUR,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.   1:20-cv-01123-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO MEET CUSTODY REQUIREMENT<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner Khadija Ghafur, a former state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

1

**Discussion**

Under § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Because custody is a statutory jurisdictional prerequisite, we may only consider a habeas petition if the petitioner was in custody at the time of filing of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). "[T]o satisfy the custody requirement, [the] petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (quoting *Jones v Cunningham*, 371 U.S. 236, 240 (1963)).

Here, petitioner challenges the state court's denial of her motion to vacate her criminal conviction. ECF No. 1 at 8. Petitioner states that she was not incarcerated at the time of filing the instant petition.[1] *Id*. at 6. Because petitioner was not in custody at the time of filing her petition, we have no jurisdiction over the petition. We recommend that the court summarily dismiss the petition. If petitioner was in custody at the time of her filing, she should present proof thereof in her objections to these findings and recommendations.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds

---

[1] Petitioner captioned her petition as a "Petition for Writ of Habeas Corpus by Non-Incarcerated Citizen" and states that she was released from custody in 2013.

without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___August 25, 2020___     _____
                                  UNITED STATES MAGISTRATE JUDGE

No. 206.