UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADIJAH GHAFUR,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No.   1:20-cv-01123-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(Doc. No. 6) |

Petitioner Khadijah Ghafur is a former state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In her petition, petitioner alleges *Brady* violations during litigation of her case, as well as the discovery of new evidence since her release from custody. (*Id*.) On August 25, 2020, the assigned magistrate judge issued findings and recommendations to dismiss the petition. (Doc. No. 6.) The magistrate judge based that recommendation on the fact that petitioner was not in custody at the time of the filing of her petition; thus, habeas corpus relief under 28 U.S.C. § 2254 was not available to her. (*Id*.) On September 22, 2020, petitioner filed objections. (Doc. No. 7.) Petitioner contends that this court must convert her habeas corpus petition to a petition for writ of error coram nobis. (*Id*.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the

magistrate judge's findings and recommendations are supported by the record and proper analysis.  The court notes that, even if this petition was recast as a petition for writ of error coram nobis, federal courts cannot grant coram nobis relief with respect to judgments of conviction entered in state court.  *Martinez v. Lockyer*, 453 F. Supp. 2d 1150, 1152 (C.D. Cal. 2006).

Moreover, the court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court DECLINES to issue a certificate of appealability.

Accordingly, the Court orders as follows:

1. The findings and recommendations, filed August 25, 2020 (Doc. No. 6), are adopted in full;

2. The petition for writ of habeas corpus is dismissed;

/////

/////

/////

1    3.    The Clerk of Court shall assign this case to a district judge for the purposes of
2 closing this case and close this case; and,
3    4.    The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**October 1, 2020**__        _/s/ Dale A. Drozd_
                                      UNITED STATES DISTRICT JUDGE